# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**TESSA FRANK,**

     **Plaintiff,**

                                                  **CASE NO.:**

**vs.**

**FMK MANAGEMENT, LLC d/b/a**
**BLUEFIN BAR & GRILL, a Florida**
**Limited Liability Corporation,**

     **Defendants.**                    /

## PLAINTIFF'S COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

Plaintiff, TESSA FRANK, ("Plaintiff"), was an employee of Defendant FMK MANAGEMENT, LLC D/B/A BLUEFIN BAR & GRILL, a Florida Limited Liability Corporation ("Defendant"), and brings this action for unpaid minimum wages, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## I.     NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that

minimum standard of well-being.  *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1.      This action is brought under the FLSA to recover from Defendant unpaid minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

## II.      PARTIES

2.      Plaintiff was an hourly paid service worker ("server") and performed related activities for Defendant in The Villages, Florida.

3.      Defendant, FMK MANAGEMENT, LLC D/B/A BLUEFIN BAR & GRILL, is a domestic corporation existing under the laws of Florida.  Defendant may be served with process via service on its registered agent Joe Nisbett, 734 Rugby Street, Orlando, Florida 32804 or at its principal place of business located at 2738 Brownwood Boulevard, The Villages, Florida 32163.

4.      Defendant is subject to the personal jurisdiction of this Court.

5.      Defendant is a Florida Limited Liability Corporation and operating its business within the city of The Villages, Florida.

6.      Defendant is subject to the personal jurisdiction of this Court.

7.      Venue is proper in the Middle District of Florida, Ocala Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## III.      JURISDICTION

8.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

## IV.      COVERAGE

9.      At all material times during the last three years (2017-2020), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

10.    At all material times, Defendant was an employer as defined by 29 U.S.C. § 203(d).

11.    At all material times, Defendant has had an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00), exclusive of excise taxes at the retail level which are separately stated.

12.    At all material times, Defendant has had two or more employees engaged in interstate commerce, producing goods for commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce.

13.    At all material times, Defendant has had two or more employees who routinely ordered materials or supplies such as office supplies and equipment, food service products, and food preparation products from out of state vendors.

14.    Additionally, Plaintiff was an employee of Defendant and was, at all times relevant to this action, individually engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1) as she was required to accept payment from customers using credit cards issued by out of state financial institutions on a daily basis and worked at a restaurant which served customers who traveled to/from out of state destinations.

## V.    FACTUAL ALLEGATIONS

15.    Defendant owns and operates a restaurant known as Bluefin Bar & Grill.

16.    Defendant employs several servers, bartenders, hosts, bussers, and runners.

17.    Plaintiff worked for the Defendant as a server from approximately April 2018 through the April 2020.

18.     As a server, Plaintiff was responsible for serving food and beverages, explaining the menu and taking orders from guests, and adhering to company standards for food and beverages.

19.     Plaintiff typically worked thirty (30) to forty (40) hours per week.

20.     Defendant paid Plaintiff an hourly wage less than federal minimum wage (approximately $5.60).

21.     In addition, Plaintiff earned tips as a server.

22.     Defendant paid Plaintiff according to what is commonly referred to as the "tip credit."

23.     Throughout Plaintiff's employment Defendant failed to notify Plaintiff of the provisions of FLSA § 3(m), 29 U.S.C. § 203(m).

24.     Throughout Plaintiff's employment Defendant required Plaintiff to share her tips with other workers.

25.     Specifically, Defendant required Plaintiff to tip out other "back of house," non-tipped employees.

26.     Servers should not share tips with back of the house employees.

27.     As a result, Defendants were not entitled to utilize the FLSA's tip credit provision to credit Plaintiff's tips towards a portion of their minimum wage obligations.

## VI.     COLLECTIVE ACTION ALLEGATIONS

28.     Defendant employs other servers as part of its business operations.

29.     Servers perform similar job duties as Plaintiff in that they explain the menu and take orders from guests, serve beverages and keep their area clean.

30.     Servers are paid by the hour.

31.    Servers are paid less than minimum wage, plus tips ("the tip credit").

32.    Servers typically work thirty (30) to forty (40) hours per week.

33.    Servers are required to tip out "back of house" employees in a manner similar to Plaintiff.

34.    Defendant's servers are the putative class members for this potential collective action.

35.    Plaintiff and the class members performed the same or similar job duties as one another in that they provided services for Defendants.

36.    Plaintiff and the class members were required to tip back of house employees each shift in violation of the FLSA's requirement that minimum wages be paid "free and clear."

37.    Shortly after being hired, Defendant explains it policy that servers are required to tip out dishwashers.

38.    The tip out is mandatory and affects all servers.

39.    Further, Plaintiff and the class members were subjected to the same pay provisions in that they were subject to working without receiving proper compensation in the form of a free and clear minimum wage.

40.    Defendants' common policy violations have caused Plaintiff and the class members to receive less than minimum wage for all hours worked.

41.    Thus, the class members are similar with regard to their wages for the same reasons as Plaintiff.

42.    These policies or practices were applicable to Plaintiff and the class members. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policies or practices which resulted in the

non-payment of federally mandated minimum wages to Plaintiff apply to all class members. Accordingly, the class members are properly defined as:

**All servers who worked at any of Defendant's restaurants within the last three years**

43.    Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and the class members at a rate of at least the statutorily prescribed minimum wage.

44.    Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

45.    During the relevant period, Defendant violated § 7(a)(1), § 15(a)(2) and § 203(m), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at the statutorily prescribed minimum wage within a work week during one or more weeks.

46.    Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I - RECOVERY OF MINIMUM WAGES

47.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27 above as though fully stated herein.

48.    Plaintiff and the class members are entitled to be paid minimum wage for each hour worked during their employment with Defendant.

49.    Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate Plaintiff for the same.

50.     Because of Defendant's improper tip out policy in this regard, Plaintiff and the class members have not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendant.

51.     Defendant willfully failed to pay Plaintiff and the class members minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206 because it was aware of the minimum wage law requirements but continued its violations.

52.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the class members have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

53.     Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated FLSA Collective Members who worked for Defendant during the Collective Period, prays for the following relief:

A.      that, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all servers who work or have worked for Defendant during the Collective Period. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      payment of minimum wage for the hours worked by them for which Defendant did not properly compensate;

C.      liquidated damages pursuant to 29 U.S.C. § 216(b) or if liquidated damages are not awarded then pre-judgment and post-judgment interest at the highest allowable rate;

D.      reasonable attorneys' fees and costs;

E.      a reasonable service award for the named Plaintiff to compensate her for the time she spent attempting to recover wages for FLSA Collective Members and for the risks she took in doing so; and

F.      all other relief that this Court deems just and appropriate.

Dated this 12th day of August, 2020.

Respectfully submitted,

***s/Bruce A. Mount***
Carlos Leach, Esq.
Fl Bar No. 0540021
Bruce A. Mount, Esq.
FL Bar No. 88754
THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 213
Winter Park, Florida 32789
Phone: (407) 574-4999
Facsimile: (833) 423-5864
Email: cleach@theleachfirm.com
Email: bmount@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiffs***