# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

TESSA FRANK,

      Plaintiff,

                                               Case No.:  5:20-cv-00372-JSM-PRL

v.

FMK MANAGEMENT, LLC d/b/a
BLUEFIN BAR & GRILL, a Florida
limited liability corporation,

      Defendant.

_____/

## MOTION TO DISMISS AMENDED COMPLAINT

Defendant, FMK Management, LLC d/b/a Bluefin Bar & Grill ("Defendant"), by and through its undersigned counsel, files this Motion to Dismiss Amended Complaint, and states as follows:

1.      Plaintiff filed her Amended Complaint on November 3, 2020 (Doc. 17).

2.      Plaintiff's Complaint contains two (2) counts, which ostensibly state that Defendant failed to pay Plaintiff minimum wages for each hour worked in accordance with the Fair Labor Standards Act (Count I) and under Article X, § 24, of the Florida Constitution (Count II).  (Doc. 17).

3.      In particular, Plaintiff alleges that Defendant required Plaintiff, a server at Bluefin Bar & Grill, to share her tips with back of the house, non-tipped employees (Doc. 17, ¶ 29); and that "Defendants were not entitled to utilize the FLSA's tip credit provision to credit Plaintiff's tips towards a portion of their minimum wage obligations." (Doc. 17, ¶ 32).

4.      Plaintiff, however, cannot state a claim upon which relief may be granted. This is because, as evidenced by Defendant's Verified Summary of Hours and pay records, all of which were produced pursuant to the Court's FLSA Scheduling Order, Plaintiff earned far above minimum wage for each hour worked in every applicable workweek.  This is, with the exception of one week, true just by considering the tips reported by Plaintiff alone (tips reported divided by hours worked).  When one adds the hourly rate paid by Defendant to what Plaintiff reported in tips, the extent to which Plaintiff earned above minimum wage is even more pronounced.   Therefore, Plaintiff cannot state a claim for unpaid minimum wages under either the FLSA or Florida law, and her claims must be dismissed.

## MEMORANDUM OF LAW

A.      <u>Tip Credit</u>

The FLSA requires that employers pay employees a minimum wage, establishes the maximum hours that an employee can work at a regular pay rate, and requires overtime pay for hours worked in excess of forty hours per workweek. 29 U.S.C. § 201, et seq. Pursuant to the FLSA, a "'[t]ipped employee' means any employee engaged in an occupation in which [s]he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t). Under the FLSA, employers of tipped employees (i.e. those who customarily and regularly receive more than $30 a month in tips) may consider such tips as part of their employees' wages.  The difference between the amount an employee must be paid under the minimum wage law and the amount directly paid to a tipped employee

is commonly referred to as a "tip credit." The "tip credit" allowed by Florida law is the same as that allowed by the FLSA. Fla. Const. Art. 10, § 24(c).

B.    Proper Standard for Determining Minimum Wage

The proper standard for determining minimum wage is the workweek. *Steiner-Out v. Lone Palm Golf Club, LLC*, No. 8:10cv2248, 2010 WL 4366299, at *2 (M.D. Fla. Oct. 23, 2010). That is, FLSA and Florida Minimum Wage Act (FMWA) claims must be analyzed based on the plaintiff's total weekly remuneration divided by his or her total hours worked that week. *Crossley v. Armstrong Homes, Inc.*, No. 5:14cv636, 2015 WL 2238347, at *6 (M.D. Fla. May 12, 2015); *see also Han Ngoc Le v. Anthony Vince' Nail Spa, LLC*, No. 16-81758-CIV, 2017 WL 6948733, at *3 (S.D. Fla. Nov. 27, 2017) (An employee's regular rate of pay, which must be at least minimum wage for non-exempt employees, "is calculated by dividing the employer's total weekly compensation by the number of hours worked during that week."). The minimum wage requirement does not require an employer pay non-exempt employees at least minimum wage for each hour of compensable time worked. Rather, the employee's total compensation for the workweek divided by the employee's total compensable time that week must equal at least the applicable minimum wage. For example, an employer who pays non-exempt employees $15/hour for thirty (30) hours in a week but fails to pay them for five (5) hours of compensable drive time, has no liability (minimum wage or overtime) for the five (5) improperly omitted hours. *See Calderone v. Scott*, No. CV214519FTMPAMCM, 2017 WL 5444190, at *2-3 (M.D. Fla. Feb. 27, 2017); *see also Betancourt v Gen. Servs. of VA, Inc.*, No. 8:14cv1219, 2015 WL 6446071 (M.D. Fla. Oct. 23, 2015) ("An employer satisfies its minimum wage obligation

by paying, for a workweek, an amount that exceeds the product of the numbers of hours worked times the applicable minimum wage.").

C.    <u>Analysis</u>

Here, Plaintiff does not allege, as she must in order to state a claim for unpaid minimum wages, that her "average pay" for the week falls below the applicable minimum wage. Rather, she alleges that "Plaintiff and the class members are entitled to be paid minimum wage for each hour worked." (Doc. 11, ¶73). As discussed above, this is not the proper standard. When one utilizes the "average pay for the week standard," it makes evident that Plaintiff cannot state a claim for unpaid minimum wages.

Plaintiff was employed by Defendant from January 8, 2019 through April 15, 2020. The federal minimum wage in 2019 and 2020 was/is $7.25. *See* 29 U.S.C. § 206(a)(1)(C) (setting the Federal minimum wage at $7.25 per hour beginning July 24, 2019 through present). The Florida minimum wage in 2019 was $8.46. The Florida minimum wage in 2020 is $8.56. Florida Department of Economic Opportunity, *Florida Minimum Wage History 2000 to 2020*, https://floridajobs.org/docs/default-source/business-growth-and-partnerships/for-employers/posters-and-required-notices/2020-minimum-wage/florida-minimum-wage-history-2000-2020.pdf?sfvrsn=2 (last visited November 12, 2020). Pursuant to the Court's FLSA Scheduling Order, Defendant's Amended Verified Summary of Hours and Wages was filed with the Court and served on the Plaintiff on October 12, 2020. (Doc. 12). Pay stubs for every week worked by Plaintiff (and listed in the Amended Verified Summary) were also served on Plaintiff in accordance with the FLSA Scheduling Order. Each pay stub provides the rate of pay received by Plaintiff, the number of hours

worked, the rate of pay, and gross pay.  In each workweek where Plaintiff worked as a server, the total dollar amount of tips reported by Plaintiff is also listed on the pay stub. Plaintiff's pay stubs for week ending January 13, 2019 through week ending April 19, 2020, are attached hereto as Composite **Exhibit "A."**[1]

Plaintiff was paid full minimum wage by Defendant for each hour worked in the weeks ending 1/13/2019, 3/29/2020, 4/12/2020, and 4/19/2020.  *See* **Exhibit "A,"** Doc. 12 and/or **Exhibit "B."**  Defendant took no tip credit during those weeks.  Thus, the weeks ending 1/13/2019, 3/29/2019, 4/12/2020, and 4/19/2019 are not at issue.  In the weeks ending 9/29/2019, and 3/22/2020, Plaintiff was paid $10.00 per hour for the hours she worked in a non-tipped employee role, e.g., hostess or other, and $5.44 or $5.54 for the hours she worked as a server.  (*See id*.) For all other weeks worked by Plaintiff, Plaintiff worked the entire week as a server, and was paid either $5.44 per hour (2019) or $5.54 per hour (2020) for each hour worked, plus her tips.  (*See id*.)

To determine Plaintiff's average hourly rate using the tips she claimed alone, one need only to divide the tips Plaintiff claimed in the applicable workweek by the number of hours she worked that week.  A revised Summary of Hours and Wages, which includes this calculation for each applicable workweek, is attached hereto as **Exhibit "B"** for the Court's convenience.  As the Court will see, Plaintiff earned greater than minimum wage in each applicable workweek just considering her tips alone, with the exception of the week ending

---

[1] The Court may consider extrinsic evidence on a Motion to Dismiss where the evidence is central to the Plaintiff's claim.  *See, e.g.*, *Dalley v. CG RYC, LLC*, No. 18-20128-CIV, 2018 WL 7629048, at *3.

March 22, 2020.[2]  When one adds to those figures an additional $5.44 or $5.54 per hour for each hour worked, the extent to which Plaintiff earned above minimum wage during each workweek is, of course, even more clear.  *See* **Exhibit "B,"** which also includes the calculation of hourly rate using tips alone plus the $5.44 or $5.54 hourly pay rate.

D.    Legal Standard for Dismissal Under Rule 12(b)(6)

A defendant may move to dismiss a complaint or parts of a complaint before or after filing an answer. *See* Fed. R. Civ. P. 12(b)(6). To prevail on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the defendant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint and does not invite the Court to assess the veracity or weight of the evidence which may be offered in its support. Thus, the Court is required to accept all of Plaintiff's allegations as true and draw all reasonable inferences in her favor. The Court may dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

---

[2] During the week ending March 22, 2020, Plaintiff worked 15.92 hours as a server and reported $77.00 in tips.  Thus, using tips alone, she earned, on average $4.84 per hour.  However, she was also paid $5.54 per hour by Defendant for each hour she worked as a server, and $10.00 per hour for another 4.70 hours she worked in a non-server role.  *See* **Exhibit "A,"** Doc. 12 and/or **Exhibit "B."**  This means she earned $10.38 per hour for the week, on average, while working as a server, $10.00 per hour while working as a non-server, and approximately $10.29 per hour if one considers her blended rate.

E.    <u>Argument</u>

Even taking Plaintiff's allegations as true, Plaintiff cannot state a claim for unpaid minimum wages under either the FLSA or Article X, § 24, of the Florida Constitution. Plaintiff was, at all times she was employed, compensated at a rate greater than the minimum wage as specified by Florida and Federal law.  To put things into perspective, Plaintiff worked a total of 2,329.79 regular hours and 69.39 overtime hours for Defendant, for a total of 2,399.18 hours.  She earned pay of $13,138.25 for the regular hours she worked and $679.67 for the overtime hours she worked.  She also claimed $39,521.01 in tips.  Taking her total pay ($13,138.25 + $679.67 + $39.521.01 = $53,338.93) and dividing it by the total number of hours worked (2,399.18), means that Plaintiff earned, on average, $22.23 per hour while working for Defendant.  These calculations, of course, are not quite as precise as what is stated in **Exhibit "B,"** in that the average over the entirety of Plaintiff's employment is stated.  **Exhibit "B"** likewise reflects, however, that Plaintiff earned no less than $10.38 per hour during any single workweek in which she was employed by Defendant.  In most cases, Plaintiff earned more than $20.00 per hour for the given workweek. *See* **Exhibit "B."**

Courts in this jurisdiction have addressed these circumstances before and held that Plaintiff failed to state a claim under the FLSA or FMWA.  In *Crossley v. Armstrong Homes, Inc.,* for instance, the Court reasoned as follows:

> Plaintiff alleges that he worked forty-five to fifty hours a week and received a salary of $450 per week, which was increased to $500 per week in October 2012.  Construing the facts in the light most favorable to Plaintiff, Plaintiff was compensated, on average, at least $8.18 per hour, which is higher than both the federal and Florida minimum-wage during the relevant time period. To the extent Plaintiff's claims for minimum wage violations can be

> interpreted as alleging that he was not paid minimum wage for those hours, such allegations have previously been found to be with out merit. *See Roop v. Wrecker & Storage of Brevard, Inc.*, No. 6:12-cv-1387-Orl-31TBS, 2013 WL 5929032, at *4 (M.D. Fla. Nov. 1, 2013) (rejecting the plaintiff's contention that a claim for minimum wage violations should be analyzed on an hour-by-hour basis and instead analyzing the claim based on a weekly average.)   Accordingly, Plaintiff has failed to state a claim for minimum wage violations under the FLSA and the FMWA, and these claims should be dismissed.

2015 WL 2238347, at *6 (some internal citations omitted) (unreported).

In *Dalley v. CG RYC, LLC,* the United State District Court for the Southern District Court of Florida also determined, under facts comparable the instant case, that the plaintiff's minimum wage allegations were due to be dismissed.  The District Court held that:

> As a threshold matter, the Court finds that it can consider extrinsic evidence because that evidence is central to Dalley's claim.  The menus and paystubs offered by Defendants go the heart of Dalley's claim that he was not properly compensated under the FLSA.  With this in mind, the Court turns to the substance of the Defendants' motion [to dismiss].
>
> During the Representative Period—May 1, 2017 through June 25, 2017— Dalley was paid between $ 18.94 per hour and $ 23.09 per hour.  This averages about $ 20.63 per hour which more than doubles the federal minimum wage.  Because Dalley's pay exceeded the minimum wage through the Representative Period, the Court **Dismisses *with prejudice*** Count I of the Complaint.

2018 WL 7629048, at *3 (internal citations omitted).

Like in *Crossley v. Armstrong Homes, Inc.* and *Dalley v. CG RYC, LLC,* Plaintiff earned above both the federal and Florida minimum-wage during every workweek she was employed by Defendant.  This is reflected clearly on the pay records and summaries attached to this Motion, all of which may be considered by the Court on a motion to dismiss because they are central to Plaintiff's claims. *See Dalley*, 2018 WL 7629048, at *3.  Since

8

Plaintiff's claims are due to be dismissed, she has no standing to raise claims on behalf any similarly situated employees or a purported class. *See, e.g.*, *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1046 (5th Cir. 1981) (citing *Sosna v. Iowa*, 419 U.S. 393, 402 (1974)) (in order to satisfy the requirements of Article III, the named plaintiffs must have a justiciable case or controversy both at the time the complaint is filed and at the time the class is certified by the district court). Accordingly, Plaintiff's minimum wage claims under the FLSA and the Florida Constitution should be dismissed.

## CONCLUSION

Based on the foregoing, Defendant respectfully moves this Honorable Court to dismiss Plaintiff's Amended Complaint with prejudice, and for such other relief as the Court deems just and proper.

Respectfully submitted this 13th day of November, 2020.

> */s/ Richard V. Blystone*
> Richard V. Blystone
> Florida Bar No. 0017207
> **COTNEY CONSTRUCTION LAW, LLP**
> 3110 Cherry Palm Drive, Ste. 290
> Tampa, Florida 33619
> Tel:  407-378-6575
> Fax:  813-902-7612
> rblystone@cotneycl.com
> lcox@cotneycl.com
> *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 13, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will automatically serve a copy via electronic mail to **Bruce A. Mount, Esq.**, and **Carlos Leach, Esq.**, The

Leach Firm, P.A., 631 S. Orlando Ave., Suite 213, Winter Park, FL 32789 (cleach@theleachfirm.com; bmount@theleachfirm.com; yhernandez@theleachfirm.com).

*/s/ Richard V. Blystone*