UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TESSA FRANK,

    Plaintiff,

v.                                                                                 Case No: 5:20-cv-372-Oc-30PRL

FMK MANAGEMENT LLC,

    Defendant.
_____

**ORDER**

This cause is before the Court on Defendant's Motion for Summary Judgment (Dkt. 28), Plaintiff's Motion to Stay Response (Dkt. 31), and the parties' Responses. The Court, upon review of these filings, record evidence, and upon being otherwise advised in the premises, concludes that Defendant is entitled to judgment as a matter of law because the record is undisputed that Plaintiff was paid minimum wage for all hours she worked in a workweek.

**BACKGROUND**

Defendant FMK Management LLC owns and operates a restaurant known as Bluefin Bar & Grill. Defendant employs several servers, bartenders, hosts, bussers, and runners. Plaintiff Tessa Frank worked for Defendant as a server from approximately April 2018, through April 2020. Plaintiff was responsible for serving food and beverages and adhering to company standards for food and beverages. Plaintiff typically worked thirty to forty hours per week. Plaintiff alleges that Defendant paid Plaintiff an hourly wage that

was less than the federal minimum wage. Plaintiff earned tips in addition to her hourly wage. Defendant paid Plaintiff according to what is commonly referred to as the "tip credit."

Plaintiff alleges that Defendant required her to share her tips with other workers. Specifically, Defendant required Plaintiff to "tip out" other "back of house," non-tipped employees. Servers were required to share tips with expeditors who worked primarily in the kitchen with little or no customer interaction. Plaintiff avers that servers should not share tips with back of the house employees. As a result, Defendant was not entitled to utilize the Federal Labor Standard Act's ("FLSA") tip credit provision to credit Plaintiff's tips toward a portion of her minimum wage obligations.

Plaintiff's Amended Complaint alleges claims for minimum wages and liquidated damages under the FLSA and the Florida Constitution. Defendant now moves for summary judgment because its records reflect that Plaintiff was always paid minimum wage for the hours she worked in a workweek.

## **SUMMARY JUDGMENT STANDARD**

Motions for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted); Fed. R. Civ. P. 56(c). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported

summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248–49.

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir.1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## **DISCUSSION**

The effective hourly rate for determining minimum wage violations is calculated by dividing the amount of compensation paid during a workweek by the total number of hours the employee worked during that workweek. *Roop v. Wrecker & Storage of Brevard Inc.*, No. 6:12cv1387, 2013 WL 5929032, at *4 (M.D. Fla. Nov. 1, 2013) (quoting *Walters v. Am. Coach Lines of Miami, Inc.*, 569 F. Supp. 2d 1270, 1300 (S.D. Fla. 2008), *aff'd*, 575 F.3d 1221 (11th Cir. 2009)); *see also Crossley v. Armstrong Homes, Inc.*, No. 5:14cv636, 2015 WL 2238347, at *6 (M.D. Fla. May 12, 2015) (concluding that minimum wage claims must be analyzed based on weekly average hours worked divided by pay); *Betancourt v. Gen. Servs. of VA, Inc.*, No. 8:14cv1219, 2015 WL 6446071, at *7 (M.D. Fla. Oct. 23, 2015) ("An employer satisfies its minimum wage obligation by paying, for a workweek, an amount that exceeds the product of the numbers of hours worked times the applicable minimum wage."); *Steiner-Out v. Lone Palm Golf Club, LLC*, No. 8:10cv2248, 2010 WL 4366299, at *2 (M.D. Fla. Oct. 23, 2010) (concluding that the workweek is the proper standard for determining minimum wage).

Defendant's motion attaches all of Plaintiff's earnings statements (Dkt. 28-1), a summary of Plaintiff's hours and wages for each workweek she was employed (Dkt. 28-2), and the Affidavit of Mandi Decker, Defendant's Director of Finance, which authenticates these records. Defendant argues that these records clearly show that Plaintiff was appropriately paid the minimum wage for all the hours she worked as a server in a workweek.

In response, Plaintiff mainly argues that Defendant's motion is premature because she has not had the opportunity to conduct discovery. Although the Court is typically remiss to consider premature dispositive motions, the Court concludes that there is no reason for delay in this case because Defendant's records are central to Plaintiff's claims and, most important, Plaintiff does not challenge their authenticity or indicate how discovery would assist her. Indeed, Plaintiff appears to concede that the earnings records are accurate. She also does not adequately explain how she can claim minimum wages when the records clearly establish that she was paid well above the minimum wage for each workweek. To the extent Plaintiff argues the Court should disregard the tips she earned, this argument lacks merit because they were part of her wages.

The Court underscores that Defendant's argument is that, even if Defendant improperly tipped out money to other employees, the record is undisputed that Plaintiff still earned well above minimum wage. In other words, because Plaintiff earned well above minimum wage, on average, during each applicable workweek, Plaintiff cannot prevail on a claim for unpaid minimum wages under either the FLSA or the Florida Constitution. Plaintiff does not explain how discovery on this matter would create a genuine issue of material fact precluding summary judgment.

In sum, the Court concludes that the record is clear Plaintiff earned above minimum wage, "tip out" or not, for each workweek. It is immaterial under the FLSA's and the Florida Constitution's minimum wage provisions whether Defendant miscalculated Plaintiff's hourly rate so long as Plaintiff still earned over minimum wage for each hour worked in a workweek. *See Calderone v. Scott*, No. CV214519FTMPAMCM, 2017 WL

5444190, at *2-*3 (M.D. Fla. Feb. 27, 2017).

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion for Summary Judgment (Dkt. 28) is granted.

2. Plaintiff's Motion to Stay Response (Dkt. 31) is denied.

3. Plaintiff's Motion to Certify Class (Dkt. 35) is denied as moot.

4. The Clerk of Court is directed to enter Final Judgment in favor of Defendant and against Plaintiff.

5. The Clerk of Court is further directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this February 12, 2021.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record