UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TESSA FRANK,

    Plaintiff,

v.                                                                                    Case No: 5:20-cv-372-Oc-30PRL

FMK MANAGEMENT LLC,

    Defendant.
_____

**ORDER**

This cause is before the Court on Plaintiff's Motion for Reconsideration (Dkt. 42) and Defendant's Response in Opposition (Dkt. 44). The Court, upon review of these filings, and upon being otherwise advised in the premises, concludes that reconsideration of its Order granting Defendant judgment as a matter of law is appropriate because Plaintiff has persuasively argued that Defendant may be liable for full minimum wage for each hour she worked regardless of the amount of tips she retained.

**DISCUSSION**

A court may grant reconsideration if one of the following grounds applies: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Stalley v. ADS Alliance Data Sys., Inc.*, 296 F.R.D. 670, 687 (M.D. Fla. 2013). "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. Coll. of*

*Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (internal quotations omitted).

Plaintiff argues that the third ground applies. Specifically, Plaintiff contends that the Court clearly erred when it held that Plaintiff could not maintain her minimum wage claims under the Fair Labor Standards Act ("FLSA") and the Florida Constitution because Defendant's records were undisputed that she made the minimum wage for all hours she worked in a workweek.

A little background of the relevant law is necessary to understand Plaintiff's argument. For most employees, the minimum wage that an employer must pay an employee under the FLSA is $7.25 an hour. 29 U.S.C. § 206(a)(1)(C). That rule does not always apply if the employee is a "tipped employee." In that scenario, § 203(m) authorizes the employer to pay the employee (1) an hourly wage of $2.13 plus (2) an additional amount in tips that brings the total wage up to the federal minimum wage of $7.25 an hour. 29 U.S.C. § 203(m).

An employer who utilizes an employee's hourly tips to reach the minimum hourly wage due the employee is said to take a "tip credit." An employer may not take this tip credit unless: "(1) the employee at issue is a tipped employee, (2) the employer informed the employee of the tip-credit provision, and (3) the employee retained all tips he received, except when an employer requires an employee to participate in a tip pool with other employees who customarily and regularly receive tips." *Kubiak v. S.W. Cowboy, Inc.*, 164 F. Supp. 3d 1344, 1354-55 (M.D. Fla. 2016).

Defendant's motion for summary judgment attached all of Plaintiff's earnings statements (Dkt. 28-1), a summary of Plaintiff's hours and wages for each workweek she was employed (Dkt. 28-2), and the Affidavit of Mandi Decker, Defendant's Director of Finance. Defendant argued that these records clearly showed that Plaintiff was appropriately paid the minimum wage for all the hours she worked as a server in a workweek.

In granting Defendant's motion for summary judgment, the Court noted that Plaintiff's main opposition was that Defendant's motion was premature because she had not had the opportunity to conduct discovery. The Court also noted that it was typically hesitant to consider premature dispositive motions, but this general rule did not apply because Defendant's payroll records were central to Plaintiff's claims and, most important, Plaintiff did not challenge their authenticity or indicate how discovery would assist her. The Court also underscored that Plaintiff's response to Defendant's motion for summary judgment did not "adequately explain how she can claim minimum wages when the records clearly establish that she was paid well above the minimum wage for each workweek." (Dkt. 37).

Plaintiff's motion for reconsideration argues that binding law makes clear that if Plaintiff alleges (as she has done so here) that Defendant improperly took a tip credit, the Court cannot include her tips in the minimum wage calculation. Essentially, the Court should ignore that the tips exist. If the tip credit cannot be applied, Plaintiff is entitled to full minimum wage for each hour she worked. Curiously, Plaintiff's response to Defendant's motion for summary judgment neglected to cite a single binding case on this

3

matter. Indeed, the response (Dkt. 36 at 4-9) cited three cases and these cases were not factually similar: *Rubio v. Fuji Sushi & Teppani, Inc.*, 2013 WL 230216, at *3 (M.D. Fla. Jan. 22, 2013); *Garcia v. Koning Restaurants Int'l, L.C.*, 2013 WL 8150984, at *4 (S.D. Fla. May 10, 2013); and *Chung v. New Silver Palace Rest., Inc.*, 246 F. Supp. 2d 220, 229 (S.D.N.Y. 2002). So, the Court did not deem them persuasive.

Typically, under these circumstances, the Court would not permit a party a second bite at the apple because the party, on her first attempt, failed to address binding law and unpersuasively advocated her position. However, the motion for reconsideration cites to a plethora of persuasive case law that requires this Court to reconsider its ruling. Although it makes little sense to the Court to ignore Plaintiff's tips, which she cannot dispute she retained, in determining whether she made minimum wage, nearly every court to discuss this matter has held that if an employee (like Plaintiff here) claims an employer improperly took a tip credit, the court cannot consider the employee's tips when calculating whether she made minimum wage. *See, e.g. Reich v. Chez Robert, Inc.,* 28 F.3d 401, 404 (3d Cir. 1994) (reversing district court's equitable reduction of employer's liability for full minimum wage where notice of intent to take tip credit was not given); *Martin v. Tango's Restaurant, Inc.,* 969 F.2d 1319, 1323 (1st Cir. 1992) ("It may at first seem odd to award back pay against an employer ... where the employee has actually received and retained base wages and tips that together amply satisfy the minimum wage requirements. Yet Congress has in section 3(m) expressly required notice as a condition of the tip credit and the courts have enforced that requirement."); *Hayden v. Bowen*, 404 F.2d 682, 686 (5th

Cir. 1968).[1]

Contrary to Plaintiff's contentions, there appears no binding precedent from the Eleventh Circuit Court of Appeals on this issue, although numerous district courts from within the Eleventh Circuit have generally noted that an employer may be liable for paying a full minimum wage "regardless of actual economic harm suffered by the employee" because the employee actually received and retained base wages and tips that together satisfied the minimum wage requirements. *See Kubiak*, 164 F. Supp. 3d at 1355 ("If an employer fails to satisfy any of these preconditions, the employer may not claim the tip credit, regardless of whether the employee suffered actual economic harm as a result."); *see also* (Dkt. 42) (listing cases).

In sum, because there is a material dispute of fact regarding whether Defendant satisfied all the preconditions of Section 3(m) to take a tip credit, summary judgment is improper here because the Court cannot include Plaintiff's tips in the minimum wage calculation.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Reconsideration (Dkt. 42) is granted.

2. The Clerk of Court is directed to reopen this case.

3. The Court hereby vacates its Order (Dkt. 37) granting summary judgment in Defendant's favor.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit prior to October 1, 1981.

4. The Final Judgment (Dkt. 38) entered in Defendant's favor is also vacated and the Clerk of Court is directed to vacate same.

5. The Court denies Defendant's Motion for Summary Judgment (Dkt. 28) for the reasons stated in this Order.

6. The Clerk of Court is directed to reinstate Plaintiff's Motion to Certify Class (Dkt. 35) to pending status.

7. Defendant's response to Plaintiff's Motion to Certify Class (Dkt. 35) shall be filed within fourteen (14) days of this Order.

8. If the parties need an extension of any deadlines contained within the Court's Case Management and Scheduling Order (Dkt. 24) (other than the pretrial and trial dates, which shall remain unchanged) they shall confer and file the appropriate motion.

**DONE** and **ORDERED** in Tampa, Florida, this March 29, 2021.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record