UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TESSA FRANK,

    Plaintiff,

v.                                                  Case No: 5:20-cv-372-Oc-30PRL

FRESH ON THE SQUARE LLC, d/b/a
BLUEFIN BAR & GRILL,

    Defendant.

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Class Certification (Dkt. 35), Defendant's Response in Opposition (Dkt. 48), and Plaintiff's Reply (Dkt. 54). The Court, upon review of these filings, and upon being otherwise advised in the premises, concludes that the motion should be denied because Plaintiff has not established Rule 23(a)'s requirements of numerosity and commonality.

## BACKGROUND

Defendant owns and operates a restaurant known as Bluefin Bar & Grill, located in The Villages, Florida. Defendant employs several servers, bartenders, hosts, bussers, and runners. Plaintiff Tessa Frank worked for Defendant as a server from approximately April 2018, through April 2020. Frank was responsible for serving food and beverages and adhering to company standards for food and beverages. Frank typically worked thirty to forty hours per week. Bluefin paid Frank an hourly wage that was less than the federal minimum wage. Frank earned tips in addition to the hourly wage. Bluefin paid Frank

according to what is commonly referred to as the "tip credit."

Frank states that Bluefin required her to share her tips with other workers. Specifically, Bluefin required Frank to "tip out" other "back of house," non-tipped employees. Servers were required to share tips with expeditors who worked primarily in the kitchen with little or no customer interaction. Frank avers that servers should not share tips with back of the house employees. As a result, Bluefin was not entitled to utilize the Federal Labor Standard Act's ("FLSA") tip credit provision to credit Frank's tips toward a portion of her minimum wage obligations. Frank alleges claims for minimum wages and liquidated damages under the FLSA and Florida law.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Frank requests that the Court certify the following class: "All servers who worked for [Bluefin Bar & Grill] within Florida during the five (5) years preceding this lawsuit who were not paid full and proper minimum wage as a result of [Bluefin Bar & Grill's] illegal tip pooling practices." Frank contends that, throughout their employment with Bluefin, Plaintiff and the putative class members were forced to improperly share tips with expeditors who were instructed not to leave the kitchen "for either all or most of their work shifts." (Dkt. 35). Bluefin opposes the motion.

## **DISCUSSION**

Federal Rule of Civil Procedure 23 governs the Court's decision to certify a traditional class action. The "putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in 23(b)." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009)

(internal quotation marks and citations omitted).  The party seeking certification must demonstrate that: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).

"The burden of proof to establish the propriety of class certification rests with the advocate of the class." *Vega*, 564 F.3d at 1265 (quoting *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003)).  Here, Frank contends that all of Rule 23(a)'s requirements are met and that she can satisfy the requirements of Rule 23(b)(3).  In evaluating Frank's motion, the Court "must conduct a rigorous analysis of the [R]ule 23 prerequisites before certifying a class." *Vega*, 564 F.3d at 1266 (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996)).  Frequently, "that rigorous analysis will entail some overlap with the merits of the plaintiff's underlying claim.  That cannot be helped." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)  The Court is precluded from certifying the class if Frank fails to establish any one of the Rule 23 factors. *Valley Drug Co.*, 350 F.3d at 1188.  "Rule 23 does not set forth a mere pleading standard.  A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350 (internal quotation marks and citations omitted) (emphasis in original).

The Court concludes that the numerosity and commonality requirements are not established and limits its analysis to these factors.

Numerosity

Class certification is improper at this time because Frank has not established the numerosity requirement. Rule 23(a)(1) requires a class to be so numerous that joinder of all members would be impractical. A plaintiff is required "to show some evidence or reasonably estimate the number of class members beyond mere speculation, bare allegations, and unsupported conclusions." *Kubiak v. S.W. Cowboy, Inc.*, No. 3:12–cv–1306–J–34JRK, 2014 WL 2625181, at *12 (M.D. Fla. June 12, 2014) (citing cases) (internal quotation marks omitted). "The proper focus for the numerosity requirement is whether the joinder of all class members would be impracticable in view of their number and all other relevant factors." *Id.* The Eleventh Circuit has explained that generally less than 21 prospective members is inadequate to meet the numerosity requirement and more than 40 is adequate to do so, with numbers in between varying according to other factors. *Vega*, 564 F.3d at 1267. These factors include, "for example, the size of the class, ease of identifying its numbers and determining their addresses, facility of making service on them if joined and their geographic dispersion." *Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 878 (11th Cir. 1986); *see also Kubiak*, 2014 WL 2625181, at *12.

Frank claims to "easily satisf[y] this factor." (Dkt. 35). Not so. Frank merely speculates that, considering turnover, Bluefin employed approximately 250 servers who were "all affected by [Bluefin's] pay practice." (Dkt. 35-1). It is entirely unclear how Frank calculated the amount of turnover at Bluefin because the only evidence she relies

upon in support of her contention that the class consists of 250 servers is her own Declaration and her supposition that 250 servers were similarly "affected." The Court is bound to avoid "an exercise in sheer speculation" when considering whether the numerosity requirement is met. *See Vega*, 564 F.3d at 1267; *see also Kubiak*, 2014 WL 2625181, at *13 (concluding that, although there was "some uncertainty" as to exact number of class members, Rule 23(a)(1) was satisfied in part because the plaintiff had presented declarations stating how many servers worked at the restaurants and there were 12 servers who had already chosen to join the action); *Teahl v. The Lazy Flamingo, Inc.*, No. 2:13-CV-833-FTM-38CM, 2015 WL 179367, at *3 (M.D. Fla. Jan. 14, 2015) ("Upon consideration, the Court finds the numerosity requirement is not met in this case. Smith's declaration contains a bare allegation that is unsupported by any evidence.").

Also, Frank does not discuss any other factor related to the impracticality of joinder. For example, there is no evidence that the proposed class members are geographically dispersed. This case involves one restaurant location, which suggests that geographical dispersion does not weigh in favor of finding that the numerosity requirement is met. *See Kilgo*, 789 F.2d at 878 (concluding that the numerosity requirement had been satisfied in case where the plaintiff identified at least 31 individual class members who were geographically dispersed across multiple states).

In sum, the Court concludes that the first Rule 23(a) factor is not met. There is no basis for the number Frank provided to the Court and no discussion of the other relevant factors related to whether joinder would be impractical.

Commonality

Even assuming numerosity is met, Frank has not established commonality. Rule 23(a)(2) requires that a plaintiff show that "there are questions of law or fact common to a class." This requirement is not met simply by raising common questions. "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury" and that their claims depend on a "common contention." *Dukes*, 564 U.S. at 349–50 (internal quotation marks and citations omitted). As a result, what matters for class certification is "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (citation omitted) (emphasis in original). "Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id.* (citation omitted).

Frank contends that there are common questions concerning whether all servers were required to participate in an "illegal" tip pool. Frank states that "[a]llegations of a policy or practice of treating the entire class unlawfully, as alleged here, satisfy the commonality requirement." (Dkt. 35). Again, this is not so. There is no evidence establishing the commonality factor–only Frank saying so in a self-serving Declaration, which is belied by Bluefin's record evidence. Specifically, Bluefin attaches Declarations from six servers stating that they would tip out to bartenders and server assistants, not employees who had no customer interaction. (Dkt. 48-1). These servers also state that Frank's allegations of an unlawful tip policy are "simply untrue." *Id.* Accordingly, Frank's proposed class does not satisfy the commonality requirement set forth in Rule

6

23(a)(2) because Bluefin's evidence indicates that its policy was in compliance with the FLSA.

In sum, the Court concludes that Frank failed to present sufficient evidence to demonstrate that all of the purported class members have suffered the same injury and that common answers will result from a class action. Frank provides little detail about how Bluefin required the servers to share their tips with non-tipped employees and how all class members were impacted in the same way. *See Dukes*, 564 U.S. at 359 (concluding that dissimilarities in class members' experiences and lack of "convincing proof of a companywide discriminatory pay and promotion policy" required it to find that the there was no common question); *Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 1270, 1280-81 (S.D. Fla. 2012) (concluding that plaintiffs failed to present evidence or allege facts that supported a finding that the "tip credit" policy injured all class members in the same way since there was no evidence of how the employer violated the tip exemption statute).

The Court need not decide whether the other Rule 23 requirements are met because Frank failed to establish numerosity and commonality under Rule 23(a). *See Valley Drug Co.*, 350 F.3d at 1188.

Finally, although the Court concludes that class certification is not appropriate at this time, the Court pauses to address Bluefin's argument that Frank should have moved to certify the FLSA minimum wage claim as a collective action before she moved to certify a class under Rule 23. Unlike a Rule 23 class action, participants in a § 216(b) collective action must affirmatively opt-in, and the Court evaluates a plaintiff's motion for collective

action certification using a different, more lenient standard. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259, 1261 (11th Cir. 2008). As Frank pointed out in her reply, the Eleventh Circuit recently clarified that although an "FLSA collective action and a Rule 23(b)(3) class action may be fundamentally different creatures ... they are not irreconcilable," so a plaintiff may attempt to bring both types of actions in the same lawsuit. *See Calderone v. Scott*, 838 F.3d 1101, 1104, 1107 (11th Cir. 2016) ("Our sister Circuits have ruled, and we agree, that the FLSA's plain text does not indicate that a collective action and a state-law class action cannot be maintained at the same time.").

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Class Certification (Dkt. 35) is denied.

**DONE** and **ORDERED** in Tampa, Florida, this May 3, 2021.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record