UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION

TESSA FRANK,

    Plaintiff,

v.                                                                   Case No: 5:20-cv-372-Oc-30PRL

FRESH ON THE SQUARE LLC, d/b/a
BLUEFIN BAR & GRILL,

    Defendant.

_____

## **<u>ORDER</u>**

    THIS CAUSE is before the Court on Defendant's Motion for Summary Judgment (Dkt. 65), Plaintiff's Response in Opposition (Dkt. 68), and Defendant's Reply (Dkt. 69). The Court, upon review of these filings, the record evidence, and being otherwise advised in the premises, concludes that the motion should be denied because the record is disputed on the issue of whether Plaintiff was required to share her tips with expeditors who had insufficient customer interaction in order to properly share in the tip pool.

## BACKGROUND

Defendant owns and operates a restaurant known as Bluefin Bar & Grill, located in The Villages, Florida. Defendant employs several servers, bartenders, hosts, bussers, and expeditors. Plaintiff Tessa Frank worked for Defendant as a server from approximately April 2018, through April 2020. Frank was responsible for serving food and beverages and adhering to company standards for food and beverages. Frank typically worked thirty to forty hours per week. Bluefin paid Frank an hourly wage that was less than the federal minimum wage. Frank earned tips in addition to the hourly wage. Bluefin paid Frank according to what is commonly referred to as the "tip credit."

Frank contends that Bluefin required her to share her tips with other workers. Specifically, Bluefin required Frank to "tip out" other "back of house," non-tipped employees. Servers were required to share tips with expeditors who worked primarily in the kitchen with little or no customer interaction. Frank avers that servers should not share tips with back of house employees. As a result, Bluefin was not entitled to utilize the Fair Labor Standard Act's ("FLSA") tip credit provision to credit Frank's tips toward a portion of her minimum wage obligations. Frank's Second Amended Complaint (Dkt. 52) alleges claims for minimum wages and liquidated damages under the FLSA and Florida law.

This case is at issue upon Defendant's Motion for Summary Judgment. Defendant argues that it is entitled to judgment as a matter of law on Frank's minimum wage claims. As explained further below, a review of the record reveals material disputed facts on the issue of whether the expeditors were appropriately part of the tip pool.

Therefore, the trier of fact must determine this issue.

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted); Fed. R. Civ. P. 56(c). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248–49.

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual

3

issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir.1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## **DISCUSSION**

Under the FLSA, employers must pay employees a minimum hourly wage. *See* 29 U.S.C. § 201, et seq. In general, employers are precluded "from using tips and fees to offset the minimum wages that they are required to pay employees." *Shaw v. Set Enters., Inc.,* 241 F. Supp. 3d 1318, 1328 (S.D. Fla. 2017). However, under Section 203(m)(2)(A) of the FLSA, employers may credit a portion (not all) of an employee's tips towards their minimum wage obligations using what is referred to as a "tip credit." Under this exception, employers can claim a portion of the employee's tips as wages, but only the portion comprising the tip credit. *Id.*

An employer may not take a tip credit unless: "(1) the employee at issue is a tipped employee, (2) the employer informed the employee of the tip-credit provision,[1] and (3) the

---

[1] Frank does not oppose Defendant's Motion for Summary Judgment as it relates to her claim that she did not receive notice of Defendant's intent to utilize the tip credit so that portion of Defendant's Motion is granted without further discussion.

4

employee retained all tips he received, except when an employer requires an employee to participate in a tip pool with other employees who customarily and regularly receive tips." *Kubiak v. S.W. Cowboy, Inc.*, 164 F. Supp. 3d 1344, 1354-55 (M.D. Fla. 2016).  This case turns on the third factor, whether Frank was required to share her tips with employees who had little to no customer interaction.  If Frank is correct that this precondition was not met, Bluefin improperly claimed a tip credit and Frank is entitled to full minimum wage for the hours she worked.  *See Kubiak*, 164 F. Supp. 3d at 1355 ("If an employer fails to satisfy any of these preconditions, the employer may not claim the tip credit, regardless of whether the employee suffered actual economic harm as a result.").

The FLSA does not specify which employees may share in a tip pool; it merely authorizes tip-pooling "among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m).  To determine whether an employee is a "customarily and regularly" tipped employee, courts generally focus on how much the employee interacted with customers.  *Palacios v. Hartman & Tyner, Inc.*, No. 13-CIV-61541, 2014 WL 7152745, at *6 (S.D. Fla. Dec. 15, 2014) (discussing this factor in detail and noting that "[i]t belies logic that an employee having next to no customer interaction would regularly receive tips from customers").  Contrary to Defendant's assertions, this factor is heavily disputed in the record.

According to Frank and two of her coworkers, they were required to share their tips with expeditors, who were back of house employees, meaning they worked out of the customers' sight and only rarely—once or less per week—interacted with customers.

Whatever customer interaction expeditors had was seldom and incidental to their primary job function of supporting the back of house. *See* Declaration of Tessa Frank; Declaration of Andrea Richter; Declaration of Laura Watson. The record interpreted in a light most favorable to Frank, the non-movant, reflects that the expeditors' job duties included assisting with food preparation and kitchen support, such as plating food according to the ticket, ensuring that the finished food product corresponded with the customers' orders, garnishing food, and alerting the food runner that the orders were fully assembled and ready to be served to the table. The expeditors worked in the kitchen, which was closed and out of the customers' sight. Frank pointed to evidence that Bluefin's managers instructed the expeditors to stay in the kitchen and regularly reminded them that it was the server's job to run food. *See* Frank Decl. at ¶ 11; Richter Decl. at ¶ 11; Watson Decl. at ¶ 11; Frank Dep. at 56:7-10, 58:10-19.

According to Defendant, expeditors were front of house employees and frequently interacted with customers. Defendant contends that it does not have a position called "Expeditor" and that Frank is referring to individuals called "Server Assistants." Yet, Defendant's corporate representative admitted that Defendant, through its Facebook postings, referred to these employees as "Expeditors," not "Server Assistants."

Defendant produced Affidavits from currently employed Bluefin servers stating that "Server Assistants" delivered orders from the kitchen to customers' tables, acted as a point of contact between "front of the house" and "back of the house" staff, communicated food orders to chefs, assisted servers with table settings by providing things like utensils and

napkins, served refills to guests, bused tables, removed dirty dishes and utensils, and answered customers' questions about the menu items.

Based on the conflicting evidence, the Court concludes that there is a genuine issue of material fact as to whether the tip pool was valid.  Numerous courts have similarly concluded that this matter is typically an issue for the finder of fact. *See, e.g., Soliman v. SOBE Miami, LLC*, 312 F. Supp. 3d 1344, 1354 (S.D. Fla. 2018) (concluding same); *Howard v. Second Chance Jai Alai LLC*, Case No: 5:15-cv-200-Oc-PRL, 2016 WL 3349022, at *6-*9 (M.D. Fla. June 16, 2016) (denying the defendant's motion for summary judgment because there were genuine issues of material fact as to whether certain employees had enough interaction with customers to properly share in the tip pool); *Ash v. Sambodromo, LLC*, 676 F. Supp. 2d 1360, 1370-71 (S.D. Fla. 2009) (denying summary judgment where there was a dispute of fact regarding the level of interaction sushi chefs shared with Defendant's patrons).

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion for Summary Judgment (Dkt. 65) is denied.

**DONE** and **ORDERED** in Tampa, Florida, this September 20, 2021.

                                              JAMES S. MOODY, JR.
                                              UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record